**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

MICHAEL BINDAY,            :         Case No. 12-cr-00152-CM

    Petitioner

v.                         :

UNITED STATES OF AMERICA,

    Respondent.            :

------------------------------------------------------------- x

# NOTICE OF MOTION AND MOTION FOR BAIL PENDING RESOLUTION OF MICHAEL BINDAY'S PETITION FOR A WRIT OF CERTIORARI

PLEASE TAKE NOTICE that Michael Binday, by his counsel David W. Shapiro, hereby moves to be released on bail pending resolution of his petition for a writ of certiorari to the Supreme Court, pursuant to the authority of this Court to grant bail when an inmate demonstrates a substantial claim accompanied by unusual or extraordinary circumstances.

Because each day of incarceration is contrary to the courts' consensus that the habeas remedy is defeated when a prisoner raises substantial claims that the Supreme Court may vindicate, Binday respectfully requests that this Court shorten the time in which the government is required to oppose this motion.

## Prior Proceedings

On March 12, 2021, Michael Binday filed a motion to vacate his convictions pursuant to 28 U.S.C. §§ 2255 and 2241. He simultaneously moved for bail. Doc. 484. This Court transferred Binday's motions to the Second Circuit. On October 12, 2021, the court of appeals denied Binday permission to file the section 2255 motion and denied his 2241 habeas petition, rejecting Binday's argument that the Supreme Court decision in

*Kelly v. United States*, 140 S. Ct. 1565 (2020), undermined the Second Circuit's "right to control" theory of property – the theory under which Binday was convicted at trial.

This Court did not rule on Binday's bail motion. Binday incorporates the facts and legal arguments in his prior bail motion here.

## ARGUMENT

The Court should grant Binday bail now because his petition for certiorari raises a question of constitutional law and statutory construction that the Supreme Court has agreed to review this term in *Ciminelli v. United States*, No. 21-1170. The Supreme Court has held that bail is proper in such situations. The government concedes that Binday has raised a substantial question likely to result in reversal of his conviction; his ongoing home confinement and deprivation of liberty undermines the habeas remedy. It is thus an unusual case. *See Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) ("Petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective.").

### Binday's Current Petition Raises the Same Claims as *Ciminelli v. United States*

On February 18, 2022, the defendants in *Ciminelli v. United States*, No. 21-1170, filed petitions for certiorari in the Supreme Court. Ciminelli's question presented was as follows: "Whether the Second Circuit's 'right to control' theory of fraud—which treats the deprivation of complete and accurate information bearing on a person's economic decision as a species of property fraud—states a valid basis for liability under the federal wire fraud statute, 18 U.S.C. § 1343."

Following the denial of his petition in the Second Circuit, on March 10, 2022, Binday filed a petition for a writ of certiorari in the Supreme Court, arguing again that the right to control theory is inconsistent with Supreme Court case law. He raised the same question Ciminelli raised because, like Ciminelli, he was convicted on the same theory that "property" in the fraud statutes includes the intangible property right of decision-making associated with owning something or deciding whether to enter a contract.

On March 23, 2022, the government waived its right to respond to Binday's certiorari petition.

On March 29, 2022, Binday's petition was distributed for the Supreme Court's April 14, 2022 conference.

On April 6, 2022, the Supreme Court rescheduled Binday's conference date, later moving the conference to June 23, 2022.

On May 24, 2022, the government opposed Ciminelli's and his co-defendants' writ petitions.

On June 21, 2022, the Court asked the government to respond to Binday's petition.

On June 30, 2022, the Supreme Court granted Ciminelli's petition, holding his co-defendants' petitions that also challenged the right to control theory without granting or denying them.  The effect of that "hold" is to authorize one defendant to argue the merits that will dictate the result for all four defendants. *See Watson v. Butler*, 483 U.S. 1037, 1038 (1987) ("[t]hree votes suffice to hold a case" pending decision in a case pending review).  The Court does not announce that it is holding a case.  See *Opposing Certiorari in the Supreme Court,* ABA Litigation Manual (3d ed.), https://www.mayerbrown.com/en/perspectives-events/publications/1999/01/opposing-certiorari-in-the-us-supreme-court ("The Court does not announce that it is holding a petition. However, you will know that your case is being held if it is not disposed of on the order list following the conference at which it was considered."). If the decision in the case that was accepted for review might affect the held case, then the Court will grant, vacate, and remand the case to the lower court.  *See Henry v. City of Rock Hill*, 376 U.S. 776, 776 (1964).

Immediately after the Supreme Court granted review, the government agreed to release the *Ciminelli* co-defendants on bail because the parties agreed that the grant of certiorari raised a substantial question that will result in reversal if the Court agrees with the defendants.  Exhibits 1 and 2 attached (letter and district court order).

On July 5, 2022, Binday asked the government to agree to bail for Binday. The government declined. When asked why the government saw a distinction between Binday and the Ciminelli petitioners, the government did not respond.

The government responded to Binday's petition on September 21, 2022. It did not oppose Binday's petition, but rather asked the Court to hold Binday's petition along with those filed in *Ciminelli*:

> This Court has granted review in *Ciminelli* v. *United States*, No. 21-1170 (June 30, 2022), to determine the validity of the "Second Circuit's 'right to control' theory of fraud" under the federal wire-fraud statute. Pet. at i, *Ciminelli*, *supra* (No. 21-1170). It has also granted review in *Jones* v. *Hendrix*, No. 21-857 (oral argument scheduled for Nov. 1, 2022), to address the circumstances in which a federal prisoner may be entitled to seek relief under Section 2241 on the ground that his conviction is invalid under an intervening retroactive decision of statutory interpretation. Pet. at i, *Jones*, *supra* (No. 21-857). Because this Court's resolution of the questions presented in both *Ciminelli* and *Jones* may affect the judgment of the court of appeals below, the Court should hold the petition for a writ of certiorari pending its decisions in those cases and then dispose of the petition as appropriate.

*Binday v. United States*, Supreme Court, No. 21-1241 (Sept. 21, 2022).[1]

Binday filed a reply on October 4, 2022 agreeing that his petition should be held pending a decision in *Ciminelli*. The Court then distributed Binday's petition and related filings for its October 28, 2022 conference.

On October 28, 2022, the Court did not deny or grant Binday's certiorari petition, meaning that it has held his petition pending a decision in *Ciminelli*. That decision is reflected in the order list released today, October 31, 2022, which omits Binday's case.

---

[1] In *Jones*, the Supreme Court will decide whether to approve the Second Circuit's construction of section 2255(e), allowing people who have previously filed a 2255 motion to use a traditional habeas petition to raise a constitutional or statutory claim of actual innocence that was not previously available to them. The decision in *Jones* will not affect Binday if the Court reverses in *Ciminelli* because Binday (unlike Jones) argued that the right to control theory was unconstitutional on direct appeal and thus preserved his actual innocence claim.

4

## ARGUMENT

## DEVELOPMENTS IN THE SUPREME COURT AND THE GOVERNMENT'S AGREEMENT TO BAIL FOR THE *CIMINELLI* DEFENDANTS CREATED EXTRAORDINARY CIRCUMSTANCES JUSTIFYING BAIL FOR BINDAY

<u>The Legal Standard for Granting Bail When the Supreme Court Has Granted Review</u>

Federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases. Thus, a habeas petitioner should be granted bail in "unusual cases" or where "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978). "[H]abeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), and is to "be administered with ... initiative and flexibility ...." *Harris v. Nelson*, 394 U.S. 286, 291 (1969).

When the Supreme Court grants certiorari in a case, or on a particular issue that may affect other pending cases, the "applicant should be admitted to bail while the questions of law in his case are being settled." *Costello v. United States*, 74 S. Ct. 847, 847 (1954).

The habeas and direct appeal bail standards are the same. Bail pending appeal is proper when the defendant can show by clear and convincing evidence that he is unlikely to flee, his appeal "raises a substantial question that is likely to result in reversal" of his conviction, and he shows exceptional circumstances. 18 U.S.C. §§ 3143(b) and 3145(c). *See United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir. 1991) (consider first two elements and then whether there are exceptional circumstances in granting bail pending appeal).

A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (citation omitted).

Where a petitioner for certiorari to the Supreme Court presents a question identical to that of another petitioner whose certiorari petition has been granted, he has demonstrated both a substantial claim and the kind of unusual circumstance justifying bail pending final resolution of his writ petition. Thus, in *Binion v. United States*, 352 U.S. 1028, 1028 (1957), two individuals who filed certiorari petitions to the Supreme Court raising the same question as a third individual whose writ petition was pending oral argument were granted bail: "The question petitioners raise was discussed but not decided in [an earlier case]. This question is presented in Achilli v. United States, No. 430, which the Court has set for hearing during the week of April 29. Pending final determination of this question, we think petitioners are entitled to bail, the Government having presented no adequate reason why bail should not be granted." *Id*. at 1029.

Similarly, the district court in *United States v. Thompson,* 152 F. Supp. 292 (S.D.N.Y. 1957), granted bail where the defendant had served more time in prison than that which the Supreme Court might deem constitutional in a case in which the Court had accepted certiorari. Otherwise, the defendant who has not committed a crime will remain in custody during the necessarily extended process of reviewing, deciding, and appealing his habeas petition. *See United States v. Geddings*, 2010 WL 2639920 at *1 (June 29, 2010 E.D.N.C.) (granting bail to defendant convicted of fraud on a theory of fraud rejected by the Supreme Court in *Skilling*).

<u>Binday Has Met the Requirements for Release on Bail</u>

Taking the bail standard elements in order:

First, Binday is no risk of flight or a danger to the community. He was released on bail before trial and pending appeal, he self-surrendered to the Bureau of Prisons, and upon the change of his incarceration to home confinement, he has complied with all requirements of his current form of imprisonment.

Second, the government cannot dispute that Binday has raised a substantial question: immediately upon Supreme Court's grant of certiorari in *Ciminelli*, the government agreed to release Ciminelli and all his co-defendants on bail. All were convicted on the same "right to control" theory as Binday; all were released with the

6

government's agreement. The defense letter to District Judge Caproni represented that the parties agreed the question presented was substantial.

Third, the government also at least implicitly concedes that, even though the Supreme Court has not yet ruled in Ciminelli's case, Binday's circumstances are unusual or extraordinary. Otherwise, it would not have so quickly agreed to bail for the Ciminelli defendants or asked the Supreme Court to hold Binday's petition with Ciminelli's. The government has not explained why it considers Binday in a different position as Ciminelli, but there is no difference. Both are properly before the Supreme Court on the same issue. Indeed, the Solicitor General's response to Binday's petition concedes that similarity, stating that "[b]ecause this Court's resolution of the questions presented in both *Ciminelli* and *Jones* may affect the judgment of the court of appeals below [in *Binday*'s case], the Court should hold the petition for a writ of certiorari pending its decisions in those cases and then dispose of the petition as appropriate."

The government made no effort to distinguish Binday from Ciminelli and thus his circumstances do not justify the conflicting positions the government has taken with respect to these two petitioners.

## **CONCLUSION**

For the foregoing reason, Binday respectfully requests that this Court order that he be released on bail immediately.

Respectfully Submitted,

/s/ *David W. Shapiro*
David W. Shapiro, NY Bar #2054054
The Norton Law Firm
dshapiro@nortonlaw.com
