USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2024

the
# NORTON
law firm pc

David W. Shapiro
dshapiro@nortonlaw.com
510-906-4906

May 9, 2024

*5/28/2024*
*Thank you for the update. Let me know if the Supreme Court grants your cert petition* CM

By ECF
Hon. Colleen McMahon
United States District Judge
Thurgood Marshall
United States Courthouse
New York, New York 10007

Re:   United States v. Michael Binday and Kevin Kergil
      No. 12-cr-152 (CM)

Honorable Judge McMahon:                    MEMO ENDORSED

     We advised the Court on November 3, 2023 that Michael Binday had a pending
motion in the Second Circuit to file a 2255 motion regarding the viability of his
conviction after the Supreme Court decision in *Ciminelli v. United States* and that we
would update the Court when the Second Circuit ruled.

     On Monday, May 7, the Second Circuit denied Mr. Binday's motion (attached).
We will be filing a petition for a writ of certiorari to the Supreme Court because the
Second Circuit erred in its analysis. We also will be filing a FRCP Rule 60 motion in this
Court to revisit the Court's denial of Mr. Binday's first-in-time 2255 motion. That Rule
60 motion is authorized by Supreme Court caselaw and likely will not be controlled by
the Second Circuit's recent order.

     Thank you in advance for your consideration and patience.

                              Very truly yours,

                              /s/ *David W. Shapiro*

                              David W. Shapiro
                              THE NORTON LAW FIRM PC

**299 Third Street, Suite 200, Oakland, California 94607**

S.D.N.Y. – N.Y.C.
12-cr-152
17-cv-4723
McMahon, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-four.

Present:
> Pierre N. Leval,
> Robert D. Sack,
> Michael H. Park,
> *Circuit Judges.*

Michael Binday,

                    *Petitioner,*

            v.                                                                          21-1206

United States of America,

                    *Respondent.*

In 2021, this Court denied Petitioner's motion for leave to file a successive 28 U.S.C. § 2255 motion challenging his mail and wire fraud convictions. 2d Cir. 21-1206, doc. 46 (Or.). In 2023, the Supreme Court granted Petitioner's petition for certiorari, vacated this Court's order, and remanded for reconsideration in light of *Ciminelli v. United States*, 598 U.S. 306 (2023), which held that a federal fraud conviction may not be based on a right-to-control theory of liability. *See Binday v. United States*, 143 S. Ct. 2491 (2023). On remand, Petitioner moves: (1) for a determination that his proposed § 2255 motion is not successive; (2) for leave to file a successive § 2255 motion based on *Ciminelli*; or (3) for recall of the mandate pertaining to his direct appeal and reversal of his conviction.

Upon due consideration, it is hereby ORDERED that the previously imposed stay is TERMINATED and Petitioner's motion is DENIED.

First, Petitioner's proposed § 2255 motion is successive because his previous § 2255 motion challenged the same criminal judgment, was decided on the merits, and reached final adjudication

before the present proceeding commenced. *See Vu v. United States*, 648 F.3d 111, 113 (2d Cir. 2011). Although Petitioner argues that his first § 2255 proceeding has not reached final adjudication because this Court has recalled the mandate for that proceeding, he is incorrect. This Court recalled the 2021 mandate in 2d Cir. 21-1206, not the mandate issued in 2d Cir. 18-2143. *See* 2d Cir. 21-1206, docs. 54 (Mandate), 109 (Or.). Petitioner's other arguments on this point are inapposite or barred by binding precedent. In particular, *Jones v. Hendrix*, 599 U.S. 465, 469-70 (2023), makes clear that § 2255(h) bars successive § 2255 motions "based solely on a more favorable interpretation of statutory law" adopted after a petitioner's first motion has reached final adjudication. Petitioner also cites *Magwood v. Patterson*, 561 U.S. 320 (2010) (holding that a § 2254 petition filed after a resentencing and an amended judgment was not successive because it was the first challenge to the amended judgment), and *Banister v. Davis*, 140 S. Ct. 1698 (2020) (holding that a timely Rule 59(e) motion to alter or amend a prior habeas decision was not a successive application), but neither of those decisions applies to the facts of his case.

Second, Petitioner may not avoid the successive requirements by presenting successive claims in a motion to recall the mandate for his direct appeal. *United States v. Fabian*, 555 F.3d 66, 68 (2d Cir. 2009); *Bottone v. United States*, 350 F.3d 59, 63 (2d Cir. 2003) ("[R]ecalling the mandate in such circumstances would be allowable only if it would be proper to authorize a second or successive collateral attack.").

Finally, Petitioner has not made a showing that he satisfies the prima facie standards of § 2255(h) because *Ciminelli* did not announce a new rule of constitutional law, as required by § 2255(h)(2), but merely a rule of statutory construction. *Ciminelli*, 598 U.S. at 316 ("In sum, the wire fraud statute reaches only traditional property interests. The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes."). To the extent that *Ciminelli* relied on constitutional principles such as federalism to arrive at its conclusion, that does not mean that it announced a new rule of constitutional law. *See Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (holding that *Mathis v. United States*, 579 U.S. 500 (2016), which interpreted the Armed Career Criminal Act, did not announce a new rule of constitutional law, and that, although its interpretation was "based in part on constitutional concerns, . . . those concerns did not reflect a new rule").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2