UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

        -against-                                      12 Cr. 152-02 (CM)

KEVIN KERGIL,

        Defendant.

------------------------------------------------------------x

**DECISION AND ORDER DENYING DEFENDANT'S MOTIONS SEEKING (1) RELIEF FROM HIS CRIMINAL CONVICTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B), AND (2) IMMEDIATE TERMINATION OF SUPERVISED RELEASE PURSUANT TO THE FIRST STEP ACT 18 U.S.C. §3583(e)(1)**

McMahon, J.:

    On October 7, 2013, following a twelve-day jury trial before this Court, Kergil and his two co-defendants, Michael Binday and Mark Resnick, were found guilty of conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349; mail fraud, in violation of Title 18, United States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343, in connection with a scheme to defraud insurance companies which the defendants purported to serve as agents. Kergil and Resnick were also found guilty of conspiring to obstruct justice through destruction of records, in violation of Title 18, United States Code, Section 1512(k).

    On July 30, 2014, the Court sentenced Kergil to 108 months' imprisonment, to be followed by three years' supervised release. The Court also ordered substantial forfeiture and restitution.[1]

---

[1] Kergil has completed the custodial portion of his sentence and two years of his three years term of supervised release. Kergil asks in his motions that the Court immediately terminate his term of supervised release and expunge his conviction.

1

On October 26, 2015, the Second Circuit affirmed the convictions and sentences of Kergil and his co-defendants, directing only a limited remand, at the Government's request, for entry of an amended restitution order in a reduced amount of $37,433,914.17. *See United States v. Binday*, 804 F.3d 558, 601 (2d Cir. 2015). On December 14, 2015, the Second Circuit denied the defendants' motions for panel and *en banc* rehearing. On June 20, 2016, the Supreme Court denied Kergil's and Binday's petitions for a writ of *certiorari*. On June 24, 2016, this Court entered the amended restitution order that the Second Circuit had directed be entered. Shortly thereafter, Kergil began serving his sentence.

On June 19, 2017, Kergil filed a *pro se* habeas motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, raising constitutional claims and arguments relating to the substance of his convictions. ECF No. 419. Thereafter, Kergil secured representation, and was granted permission to re-file his § 2255 petition, which Kergil did, through counsel, on July 6, 2018. This Court denied the habeas petition on August 1, 2019. ECF No. 459.

On July 11, 2023, Kergil filed a *pro se* habeas motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2241, seeking to shorten his term of imprisonment pursuant to the First Step Act of 2018 ("FSA"). *See* 23 Civ. 5949, ECF No. 1. Kergil claimed that, due to the number of credits he accumulated under the FSA, he was entitled to begin his term of supervised release. *Id.* Upon receipt of Kergil's § 2241 petition, a review of the documentation he provided, and a review of his records, the BOP determined that Kergil was indeed entitled to have the FSA credits applied and released him. His term of supervised release began on July 28, 2023. *See* 23 Civ. 5949, Declaration of Kenneth Bork ¶ 5, ECF No. 8. On August 3, 2023, this Court denied Kergil's § 2241 petition as moot. *See* 23 Civ. 5949, ECF No. 10.

On September 11, 2023, Kergil filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate his 2014 conviction in light of "intervening changes in the

2

controlling law" relating to mail and wire fraud. *See* ECF No. 504.

On August 22, 2024, Kergil filed a motion asking for "the immediate termination of his Supervised Release pursuant to 18 U.S.C. §3583(e)(1) based on credits provided under the First Step Act, and this Court's inherent power under 28 U.S.C. §2243 to reduce a sentence of Supervised Release at any time based on the interests of justice." *See* ECF No. 519.

The motions are denied.

The Second Circuit has held that relief under Rule 60(b) is available with respect to previous habeas proceedings, but "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 76 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)); *see also Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (new attacks on an underlying conviction "are beyond the scope of Rule 60(b)"); *Grullon v. United States*, 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004) ("Rule 60(b) does not provide relief from a judgment in a criminal case."). Kergil's motion falls outside the scope of permissible relief under Rule 60(b). Rule 60(b) cannot be used to reopen or challenge criminal judgments. *See United States v. Kergil*, No. 12 Cr. 152 (CM), 2017 WL 3726044, at *1 (S.D.N.Y. Aug. 16, 2017); *see also United States v. Marte*, No. 08 Cr. 1131 (DC), 2013 WL 12328696, at *4 (S.D.N.Y. July 22, 2013) (denying Rule 60(b) motion "as beyond the scope of Rule 60(b)" where defendant "attacked his underlying conviction"); *United States v. Larcier*, No. 07 Cr. 308 (NRB), 2012 WL 736894, at *1 (S.D.N.Y. Mar. 6, 2012) (denying Rule 60(b) motion seeking to attack underlying criminal conviction based on development in case law).

Rule 60(b) does not offer Kergil the relief he requests.

Even if the Court were to give Kergil the opportunity to have his Rule 60(b) motion treated as a § 2255 motion, and if Kergil were to accede to the recharacterization, his attacks on

3

his conviction would still fail. As an initial matter, the Second Circuit has not authorized Kergil to file a second or successive Section 2255 motion. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). Furthermore, Kergil's claim does not meet the gatekeeping requirements for such a motion. "A second or successive motion must . . . contain" newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28U.S.C. § 2255(h), and Kergil's claim does not qualify under either Section 2255(h) category. Kergil does not purport to have any newly discovered evidence, and *Ciminelli v. United States*, 143 S. Ct. 1121 (2023), and the other cases cited by Kergil are statutory rulings and not new rules of constitutional law.

In any event, Kergil's *Ciminelli* claim would fail on the merits because the Government proved at trial "not only that [Kergil] engaged in deception, but also that money or property was an object of the[] fraud." *Id.* at 1126. As the Second Circuit concluded, "[f]rom the indictment through the trial, the government consistently maintained that defendants sought to obtain money (in the form of commissions) from the victim insurers." *Binday*, 804 F.3d 558, 585 (2d Cir. 2015); *see also id.* at 567 (noting that the fraud generated $11.7 million in commissions paid by insurers to defendants); *id.* at 585 (recognizing that "[c]ommission payments" were "the object of the scheme").

As for Kergil's request that the Court terminate his term of supervised release early, that motion too is denied. Contrary to Kergil's assertion that his conviction was vacated by the Supreme Court (it has not), his conviction has been affirmed and there is no reason to alter the terms of his sentence. Kergil's term of supervision terminates July 27, 2026. He is being supervised by the Low Intensity Caseload unit. His reporting requirements are minimal. The Court declines, in an exercise of its discretion, to shorten Kergil's term of supervised release.

Accordingly, Kergil's Rule 60(b) motion (ECF No. 504), and his motion to terminate his

term of supervised release, pursuant to 18 U.S.C. §3583(e)(1) and 28 U.S.C. §2243 (ECF No. 519), is denied.

This constitutes the decision and order of the Court.

July 9, 2025

*[signature: Colleen McMahon]*

Colleen McMahon
District Court Judge

By ECF to All Parties and First-Class Mail to Defendant.